UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

ESTATE OF HARRY D. SILVERSTEIN,

Defendant.

26 Civ. ___

STIPULATION AND ORDER OF SETTLEMENT

# TABLE OF CONTENTS

**I. RECITALS** ........ 1
**II. JURISDICTION AND VENUE** ........ 2
**III. ADMISSIONS** ........ 2
**IV. REPRESENTATIONS** ........ 3
**V. APPLICABILITY** ........ 3
**VI. DEFINITIONS** ........ 4
**VII. CIVIL PENALTY** ........ 5
**VIII. INJUNCTIVE RELIEF** ........ 6
**IX. INFORMATION** ........ 6
**X. STIPULATED PENALTIES** ........ 6
**XI. FORCE MAJEURE** ........ 8
**XII. DISPUTE RESOLUTION** ........ 10
**XIII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS** ........ 12
**XIV. COSTS** ........ 14
**XV. NOTICES** ........ 14
**XVI. EFFECTIVE DATE** ........ 15
**XVII. RETENTION OF JURISDICTION** ........ 16
**XVIII. MODIFICATION** ........ 16
**XIX. TERMINATION** ........ 16
**XX. PUBLIC PARTICIPATION** ........ 18
**XXI. SIGNATORIES/SERVICE** ........ 18
**XXII. INTEGRATION** ........ 18
**XXIII. 26 U.S.C. SECTION 162(F)(2)(A)(II) IDENTIFICATION** ........ 19
**XXIV. FINAL JUDGMENT** ........ 19
**XXV. EXHIBITS** ........ 19

## I. RECITALS

1. WHEREAS, plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and the United States Department of Housing and Urban Development ("HUD"), has filed a complaint concurrently with this Stipulation and Order, alleging that Harry D. Silverstein ("Silverstein"), as the owner and operator of certain residential buildings listed in Exhibit A (the "Buildings"), violated the Lead Disclosure Rule ("Lead Disclosure Rule" or "LDR"), 40 C.F.R. part 745, subpart F, and 24 C.F.R. part 35, subpart A, and therefore Section 1018 of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4852d ("RLBPHRA"), and Section 409 of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2689, and the Renovation, Repair, and Painting Rule ("RRP Rule"), 40 C.F.R. part 745, subpart E, by, among other things, (i) failing to provide tenants entering into new and (where required) renewal leases with known information relating to lead-based paint or lead-based paint hazards and/or records in the possession or control of Silverstein relating to lead-based paint or lead-based paint hazards; (ii) having renovation work conducted in the Buildings without implementing the lead-safe work practices required by the RRP Rule; and (iii) employing a firm to conduct renovations subject to the RRP Rule that lacked appropriate firm or renovator certifications.

2. WHEREAS, Silverstein died on November 4, 2016;

3. WHEREAS, the entities set forth in Exhibit B that held Silverstein's interest in each of the Buildings sold the Buildings to third parties on the dates stated in Exhibit A; after the sale of each Building, the estate of Harry D. Silverstein (the "Estate") no longer had any ownership interest in or control over such Buildings; and since on or about August 14, 2020, the Buildings

have been owned entirely by third parties and the Estate has not owned or controlled any Residential Buildings since that time;

4. WHEREAS, the Estate and the United States (collectively, the "Parties") recognize, and the Court by entering this Stipulation and Order finds, that this Stipulation and Order has been negotiated by the Parties in good faith and will avoid litigation and that this Stipulation and Order is fair, reasonable, and in the public interest; and

5. NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 15 U.S.C. § 2616, and 42 U.S.C. § 4852d, and over the Parties. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), because the complaint alleges that Silverstein and the Estate violated the Lead Disclosure Rule and the RRP Rule within this District.

7. For purposes of this Stipulation and Order, or any action to enforce this Stipulation and Order, the Estate consents to the Court's jurisdiction over this Stipulation and Order and any such action and over the Estate, and the Estate further consents to venue in this judicial district.

8. The Estate will support the Government's motion to enter this Stipulation and Order. For purposes of this Stipulation and Order, the Estate will not contest that the Court is authorized to grant the relief set forth herein.

## III. ADMISSIONS

9. The Estate admits, acknowledges, and accepts responsibility for the following:

a. Harry D. Silverstein and the Estate of Harry D. Silverstein had an ownership interest in entities that owned and controlled the 14 Buildings, which contained approximately 1,000 units in New York City. All of the Buildings were built prior to 1978.

b. During the period Silverstein had an ownership interest in entities that owned and controlled the Buildings, the New York City Department of Housing Preservation and Development issued certain lead-based paint violations in the Buildings.

c. When Silverstein had an ownership interest in entities that owned and controlled the Buildings, on one or more occasions, the Estate could not locate evidence that Silverstein provided a Lead Warning Statement or EPA-approved lead hazard information pamphlet to tenants entering into a new lease.

## IV. REPRESENTATIONS

10. As a condition of entry of this Stipulation and Order, the Estate represents and warrants, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

a. The entities that held the Estate's ownership interest in each of the Buildings sold each of these Buildings to a third-party unrelated to Silverstein, the Estate, or the Estate's executors.

b. Since on or about August 14, 2020, the Estate has not owned, managed, operated, or controlled any Residential Buildings.

## V. APPLICABILITY

11. The obligations of this Stipulation and Order apply to and are binding upon the United States, and upon the Estate and any successors, assigns, or other entities or persons otherwise bound by law.

12. The Estate represents that its executors would be required to approve the Estate's owning, operating, controlling or managing Residential Buildings after the Effective Date. Those executors are signatories to this Stipulation and Order and have reviewed it, and the Estate shall provide a copy of this Stipulation and Order to any successors to those executors.

13. In any action to enforce this Stipulation and Order, the Estate shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or subcontractors to take any actions necessary to comply with the provisions of this Stipulation and Order.

## VI. DEFINITIONS

14. Terms used in this Stipulation and Order that are defined in TSCA, RLBPHRA, the RRP Rule, or in the LDR have the meanings assigned to them in TSCA, RLBPHRA, the RRP Rule, or the LDR, unless otherwise provided in this Stipulation and Order. Whenever the terms set forth below are used in this Stipulation and Order, the following definitions apply:

a. "Buildings" means the buildings identified in Exhibit A.

b. "Complaint" means the complaint filed by the United States in this action.

c. "Date of Lodging" shall mean the date this Stipulation and Order is filed with the Clerk of the Court for the United States District Court for the Southern District of New York.

d. "Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Stipulation and Order, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day.

e. "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies.

f. "Effective Date" means the definition provided in Section XVI.

g. "Estate" or "Defendant" means defendant Estate of Harry D. Silverstein.

h. "HUD" means the United States Department of Housing and Urban Development and any of its successor departments or agencies.

i. "Interest" means interest pursuant to 28 U.S.C. § 1961.

j. "Paragraph" means a portion of this Stipulation and Order identified by an Arabic numeral.

k. "Parties" means the United States and the Estate.

l. "Residential Building" means a building containing one or more residential dwellings.

m. "Section" shall mean a portion of this Stipulation and Order identified by a roman numeral.

n. "Stipulation and Order" means this Stipulation and Order of Settlement and all Exhibits attached hereto.

o. "United States" shall mean the United States of America, acting on behalf of EPA and HUD.

## VII. CIVIL PENALTY

15. Within 60 Days after the Effective Date, the Estate shall pay to the United States the sum of **$4,000,000** as a civil penalty, together with interest accruing from the Date of Lodging at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging. Fifty percent of this penalty shall be deemed paid to EPA and fifty percent shall be deemed paid to HUD.

16. The Estate shall pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT"), in accordance with instructions provided to the Estate by the United States Attorney's Office for the Southern District of New York after the Effective Date. The payment instructions will include a Consolidated Debt Collection System ("CDCS") number, which the Estate shall use to identify all payments required to be made in accordance with this Stipulation and Order.

17. At the time of payment, the Estate shall send notice and proof of payment: (i) to EPA's Cincinnati Finance Center via email at cinwd_acctsreceivable@epa.gov; (ii) to DOJ via email or regular mail in accordance with Section XV; and (iii) to EPA and HUD in accordance with Section XV. Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation and Order in United States v. Estate of Harry D. Silverstein, and shall reference the civil action number, CDCS Number and DOJ case number 90-5-1-1-13168. "Proof of payment" means confirmation of wire or automated clearinghouse transfer, and any other information required to demonstrate that payment has been made according to these requirements, in the amount due.

18. The Estate shall not deduct any penalties paid under this Stipulation and Order pursuant to this Section in calculating its federal income tax.

## VIII. INJUNCTIVE RELIEF

19. To the extent that Defendant resumes owning, operating, controlling or managing Residential Buildings, it shall (i) notify EPA and HUD no later than 30 days after such resumption and (ii) comply in all respects with the Lead Disclosure Rule, the RRP Rule, the RLBPHRA, and TSCA.

## IX. INFORMATION

20. Any information provided pursuant to this Stipulation and Order may be used by the United States in any proceeding to enforce the provisions of this Stipulation and Order and as otherwise permitted by law.

## X. STIPULATED PENALTIES

21. The Estate shall be liable for stipulated penalties to the United States for violations of this Stipulation and Order as specified below, unless excused under Section XI (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Stipulation and Order, according to all applicable requirements of this Stipulation and Order and within the specified time schedules established by or approved under this Stipulation and Order.

22. <u>Late Payment of Civil Penalty</u>. If the Estate fails to pay the civil penalty as required to be paid under Section VII (Civil Penalty) when due, the Estate shall pay a stipulated penalty of $1,500 per Day for each Day that any payment is late.

23. <u>Other Violations</u>. If the Estate violates Section VIII (Injunctive Relief) of the Stipulation and Order, it shall pay a stipulated penalty of $1,500 per violation per Day for each violation of that Section.

24. Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue

to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Stipulation and Order.

25. The Estate shall pay any stipulated penalty within 30 Days after receiving the United States' written demand. The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Stipulation and Order.

26. Stipulated penalties shall continue to accrue as provided in Paragraph 24 during any Dispute Resolution (as set forth in Section XII), but need not be paid until the following:

a. If the dispute is resolved by agreement of the Parties or by a decision of EPA or HUD that is not appealed to the Court, the Estate shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days after the Effective Date of the agreement or the receipt of EPA or HUD's decision or order.

b. If the dispute is appealed to the Court and the United States prevails in whole or in part, the Estate shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days after receiving the Court's decision or order, except as provided in subparagraph c, below.

c. If any Party appeals the District Court's decision, the Estate shall pay all accrued penalties determined to be owing, together with interest, within 15 Days after receiving the final appellate court decision.

27. The Estate shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 16 and with the confirmation notices required by Paragraph 17, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

28. If the Estate fails to pay stipulated penalties according to the terms of this Stipulation and Order, the Estate shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for the Estate's failure to pay any stipulated penalties.

29. The payment of penalties and interest, if any, shall not alter in any way the Estate's obligation to complete the performance of the requirements of this Stipulation and Order.

30. Non-Exclusivity of Remedy. Stipulated penalties are not the United States' exclusive remedy for violations of this Stipulation and Order. Subject to the provisions of Section XIII (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for the Estate's violation of this Stipulation and Order or applicable law, including but not limited to an action against the Estate for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. However, the amount of any statutory penalty assessed for a violation of this Stipulation and Order shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Stipulation and Order.

## XI. FORCE MAJEURE

31. "Force majeure," for purposes of this Stipulation and Order, is defined as any event arising from causes beyond the control of the Estate or of any entity controlled by the Estate that delays or prevents the performance of any obligation under this Stipulation and Order despite the Estate's best efforts to fulfill the obligation. The requirement that the Estate exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring, and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized. "Force Majeure" does not include the Estate's financial inability to perform any obligation under this Stipulation and Order.

32. If any event occurs or has occurred that may delay the performance of any obligation under this Stipulation and Order, whether or not caused by a force majeure event, the

Estate shall provide notice orally or by email to EPA and HUD within 72 hours after when the Estate first knew that the event might cause a delay. Within seven Days after notifying EPA and HUD, the Estate shall provide in writing to EPA and HUD an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Estate's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of the Estate, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Estate shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure if it intends to assert such a claim. Failure to comply with the above requirements shall preclude the Estate from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. The Estate shall be deemed to know of any circumstance of which the Estate or any entity controlled by the Estate knew or should have known.

33. If EPA and HUD agree that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Stipulation and Order that are affected by the force majeure event will be extended by EPA and HUD for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. EPA and HUD will notify the Estate in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

34. If EPA and HUD do not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA and HUD will notify the Estate in writing of their decision.

35. If the Estate elects to invoke the dispute resolution procedures set forth in Section XII (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's or HUD's notice. In any such proceeding, the Estate shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that the Estate complied with the requirements of Paragraphs 31 and 32. If the Estate carries this burden, the delay at issue shall be deemed not to be a violation by the Estate of the affected obligation of this Stipulation and Order identified to EPA, HUD, and the Court.

## XII. DISPUTE RESOLUTION

36. Unless otherwise expressly provided for in this Stipulation and Order, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Stipulation and Order. The Estate's failure to seek resolution of a dispute under this Section shall preclude the Estate from raising any such issue as a defense to an action by the United States to enforce any obligation of the Estate arising under this Stipulation and Order.

37. Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Stipulation and Order shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when the Estate sends the United States, EPA, and HUD a written Notice of Dispute. Such Notice of Dispute shall clearly state the matter in dispute. The period of informal

negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 15 Days after the conclusion of the informal negotiation period, the Estate invokes formal dispute resolution procedures as set forth below.

38. Formal Dispute Resolution. The Estate shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending the United States, EPA, and HUD a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting the Estate's position and any supporting documentation relied upon by the Estate.

39. The United States will send the Estate its Statement of Position within 45 Days after receipt of the Estate's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position is binding on the Estate, unless the Estate files a motion for judicial review of the dispute in accordance with the following Paragraph.

40. Judicial Dispute Resolution. The Estate may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion (a) must be filed within 10 Days after receipt of the United States' Statement of Position pursuant to the preceding Paragraph; (b) may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 37, unless the Plaintiffs raise a new issue of law or fact in the Statement of Position; (c) shall contain a written statement of the Estate's position on the matter in dispute, including any supporting factual data, analysis, opinion, or

documentation, and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Stipulation and Order.

41. The United States shall respond to the Estate's motion within the time period allowed by the Local Rules of this Court. The Estate may file a reply memorandum, to the extent permitted by the Local Rules.

42. Standard of Review

a. Disputes Concerning Matters Accorded Record Review. Except as otherwise provided in this Stipulation and Order, in any dispute brought under Paragraph 38 that is accorded review on the administrative record under applicable principles of administrative law, the Estate shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b. Other Disputes. Except as otherwise provided in this Stipulation and Order, in any other dispute brought under Paragraph 38, the Estate shall bear the burden of demonstrating that its position complies with this Stipulation and Order and better furthers the objectives of the Stipulation and Order.

43. The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of the Estate under this Stipulation and Order, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 26. If the Estate does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section X (Stipulated Penalties).

## XIII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

44. This Stipulation and Order resolves only (i) the civil claims of the United States for the violations alleged in the Complaint against Defendant through the Date of Lodging and (ii) any other civil claims of the United States against Defendant pursuant to Section 409 of TSCA, 15 U.S.C. § 2689, and Section 1018 of the RLBPHRA that allege violations, through the Date of

Lodging, of the Lead Disclosure Rule, 40 C.F.R. part 745, subpart F, and 24 C.F.R. part 35, subpart A, and the RRP Rule, 40 C.F.R. part 745, subpart E, at the buildings listed in Exhibit A until the sale dates listed in Exhibit A for each building.

45. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation and Order. This Stipulation and Order shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under TSCA, RLBPHRA, or their implementing regulations, or under other federal laws, regulations, or permit conditions, except where precluded by Paragraph 44.

46. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the violations alleged in the Complaint, the Estate shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been resolved pursuant to Paragraph 44.

47. This Stipulation and Order is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. The Estate is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Estate's compliance with this Stipulation and Order shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Stipulation and Order, warrant or aver in any manner that the Estate's compliance with any aspect of this Stipulation and Order

will result in compliance with provisions of TSCA, RLBPHRA, or with any other provisions of federal, State, or local laws, regulations, or permits.

48. This Stipulation and Order does not limit or affect the rights of the Estate or of the United States against any third parties not party to this Stipulation and Order, nor does it limit the rights of third parties, not party to this Stipulation and Order, against the Estate, except as otherwise provided by law.

49. This Stipulation and Order shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation and Order.

50. Upon termination of the Stipulation and Order, it is expressly acknowledged and agreed that Paragraphs 44 through 49 shall remain in full force and effect.

## XIV. COSTS

51. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any successful action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by the Estate.

## XV. NOTICES

52. Unless otherwise specified in this Stipulation and Order, whenever notifications, submissions, or communications are required by this Stipulation and Order, they shall be made in writing, addressed as follows:

| | |
|---|---|
| As to the United States by email: | jacob.lillywhite@usdoj.gov<br>jessica.rosenbaum@usdoj.gov<br>Re: DJ # 90-5-1-1-13168 |
| As to DOJ by mail: | Jacob Lillywhite, AUSA<br>Jessica Rosenbaum, AUSA<br>U.S. Attorney's Office<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007 |
| As to EPA by email: | Re: Estate of Silverstein Stipulation and Order<br>goss.natasha@epa.gov<br>lareau.meghan@epa.gov |
| As to HUD by email: | Re: Estate of Silverstein Stipulation and Order<br>lee.ann.richardson@hud.gov<br>bruce.p.haber@hud.gov<br>leadregulations@hud.gov |
| As to the Estate by mail: | The Estate of Harry D. Silverstein<br>Lawrence S. Spiegel<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001 |
| As to the Estate by email: | lawrence.spiegel@skadden.com |

53. Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

54. Notices submitted pursuant to this Section shall be deemed submitted upon the date of mailing or transmission by email, unless otherwise provided in this Stipulation and Order or by mutual agreement of the Parties in writing.

## XVI. EFFECTIVE DATE

55. The Effective Date of this Stipulation and Order shall be the date upon which this Stipulation and Order is entered by the Court or a motion to enter the Stipulation and Order is granted, whichever occurs first, as recorded on the Court's docket.

## XVII. RETENTION OF JURISDICTION

56. The Court shall retain jurisdiction over this case until termination of this Stipulation and Order, for the purpose of resolving disputes arising under this Stipulation and Order or entering orders modifying this Stipulation and Order, pursuant to Sections XII and XVIII, or effectuating or enforcing compliance with the terms of this Stipulation and Order.

## XVIII. MODIFICATION

57. The terms of this Stipulation and Order, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Stipulation and Order, it shall be effective only upon approval by the Court.

58. Any disputes concerning modification of this Stipulation and Order shall be resolved pursuant to Section XII (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 42, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XIX. TERMINATION

59. After the Estate has paid the civil penalty and any accrued stipulated penalties as required by this Stipulation and Order, and maintained continued satisfactory compliance with this Stipulation and Order for a period of three years, the Estate may serve upon the United States a request for termination, stating that the Estate has satisfied the Stipulation and Order's requirements ("Request for Termination"). If, after the Estate has paid the civil penalty and any accrued stipulated penalties as required by this Stipulation and Order, the Estate dissolves, the Estate's counsel will notify the United States, at which point this Stipulation and Order will be

considered terminated without the need for a Request for Termination from the Estate or the Court's approval. Upon termination of the Stipulation and Order, it is expressly acknowledged and agreed that Paragraphs 44 through 49 shall remain in full force and effect.

60. Following receipt by the United States of any Request for Termination from the Estate, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether the Estate has satisfactorily complied with the requirements for termination of this Stipulation and Order. If the United States agrees that the Stipulation and Order may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Stipulation and Order.

61. If the United States does not agree that the Stipulation and Order may be terminated, the Estate may invoke Dispute Resolution under Section XII. However, the Estate shall not seek Dispute Resolution of any dispute regarding termination until 30 Days after service of its Request for Termination.

62. At any time, if the United States has sufficient information to determine that Defendant has met the requirements of termination under Paragraph 59, the United States, after notice to the Defendant, may file a motion to terminate the Decree. If the parties are in agreement, a joint stipulation of termination may be filed with the Court.

63. If the United States does not have sufficient information to determine whether Defendant has met the requirements of termination under Paragraph 59, the United States may request additional information from Defendant, which Defendant shall provide within 30 days of receiving the United States' request.

## XX. PUBLIC PARTICIPATION

64. This Stipulation and Order shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation and Order disclose facts or considerations indicating that the Stipulation and Order is inappropriate, improper, or inadequate. The Estate consents to entry of this Stipulation and Order without further notice and agrees not to withdraw from or oppose entry of this Stipulation and Order by the Court or to challenge any provision of the Stipulation and Order, unless the United States has notified the Estate in writing that it no longer supports entry of the Stipulation and Order.

## XXI. SIGNATORIES/SERVICE

65. Each undersigned representative of the Estate and the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation and Order and to execute and legally bind the Party he or she represents to this document.

66. This Stipulation and Order may be signed in counterparts, and its validity shall not be challenged on that basis. The Estate agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation and Order and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. The Estate need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Stipulation and Order.

## XXII. INTEGRATION

67. This Stipulation and Order, including the Exhibits and the deliverables that are subsequently approved pursuant to this Stipulation and Order, constitutes the entire agreement

among the Parties regarding the subject matter of the Stipulation and Order and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the subject matter of the Stipulation and Order herein.

**XXIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION**

68. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), performance of Paragraph 19 is restitution, remediation, or required to come into compliance with law.

**XXIV. FINAL JUDGMENT**

69. Upon approval and entry of this Stipulation and Order by the Court, this Stipulation and Order shall constitute a final judgment of the Court as to the United States and the Estate. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**XXV. EXHIBITS**

70. The following Exhibits are attached to and part of this Stipulation and Order:

Exhibit A: Building List
Exhibit B: List of Entities

Dated and entered this ___ day of ______________________, 20____.

_________________________________
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA:

Dated: September 8, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: Jessica R
JACOB LILLYWHITE
JESSICA F. ROSENBAUM
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.: (212) 637-2639/2777
Email: jacob.lillywhite@usdoj.gov
jessica.rosenbaum@usdoj.gov

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Dated: ______________________

PATRICIA HICK Digitally signed by PATRICIA HICK
Date: 2026.07.29 09:23:56 -04'00'

______________________________

PATRICIA C. HICK
Acting Regional Counsel, Region 2
U.S. Environmental Protection Agency
290 Broadway
New York, NY 10007

NATASHA GOSS
Assistant Regional Counsel, Region 2
U.S. Environmental Protection Agency
290 Broadway
New York, NY 10007

FOR THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT:

Dated: ______________________

JULIE CANNATTI

Digitally signed by: JULIE CANNATTI
DN: CN = JULIE CANNATTI C = US O = U.S. Government OU = Department of Housing and Urban Development, Office of General Counsel
Date: 2026.07.31 11:20:35 -04'00'

_____________________________
JULIE K. CANNATTI
Associate Deputy General Counsel for Operations
U.S. Department of Housing and Urban Development
2415 Eisenhower Avenue
Alexandria, VA 22314

_____________________________
LEE ANN RICHARDSON
Assistant General Counsel for Administrative Law
U.S. Department of Housing and Urban Development
2415 Eisenhower Avenue
Alexandria, VA 22314

FOR THE ESTATE OF HARRY D. SILVERSTEIN:

Dated: 7/24/26

ERIC SILVERSTEIN, as Executor of the Estate of Harry D. Silverstein

Dated: ______________________

PAULA COHEN, as Executor of the Estate of Harry D. Silverstein

FOR THE ESTATE OF HARRY D. SILVERSTEIN:

Dated: ________________________

________________________
ERIC SILVERSTEIN, as Executor of the Estate of Harry D. Silverstein

Dated: July 21, 2026

________________________
PAULA COHEN, as Executor of the Estate of Harry D. Silverstein

**EXHIBIT A**

| Address | Sale Date |
|---|---|
| 1555 Grand Concourse, Bronx, New York 10452 | September 27, 2017 |
| 3971 Gouverneur Avenue, Bronx, New York 10463 | October 27, 2017 |
| 488 Rockaway Parkway, Brooklyn, New York 11212 | March 18, 2019 |
| 292 Midwood Street, Brooklyn, New York 11225 | March 16, 2017 |
| 141 Lenox Road, Brooklyn, New York 11226 | August 14, 2020 |
| 261 Lenox Road, Brooklyn, New York 11226 | August 14, 2020 |
| 605 E. 16th Street, Brooklyn, NY 11226 | September 27, 2016 |
| 535 E. 21st Street, Brooklyn, New York 11226 | January 21, 2020 |
| 625 Ocean Avenue, Brooklyn, New York 11226 | November 25, 2019 |
| 250 Parkville Avenue, Brooklyn, New York 11230 | June 10, 2020 |
| 35-08 95th Street & 35-05 94th Street, Jackson Heights, New York 11372 | October 1, 2015 |
| 39-30 59th Street, Woodside, New York 11377 | July 29, 2020 |
| 91-35 193rd Street, Jamaica, New York 11423 | July 29, 2020 |
| 87-40 165th Street, Jamaica, New York 11432 | April 19, 2019 |

**EXHIBIT B**

HDS Funding Company
250 Parkville Company
Concourse Realty Co.
625 Ocean Company
Ocean-21 Company
Woodhull Associates, LP
Woodside Silver Associates, LLC
Rayjer Realty Corp.
Samber Holding Corp.
Trio Realty Associates, LLC
Hillside House Management, LLC
Midwood Associates, LLC
Rockaway Associates, LLC
East 16th Associates, LLC
Jackson Gardens, LLC